UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAMERON FUCHS and SABRINA BIBICOFF,
on behalf of themselves and a class of those
others similarly situated,

    Plaintiffs,

v.                      Case No.  8:22-cv-02209

POWER HOME SOLAR LLC
D/B/A PINK ENERGY and
RENEWABLE CLEAN ENERGIES, LLC

    Defendants.
_____/

## CLASS ACTION COMPLAINT

**CAMERON FUCHS** ("Fuchs") and **SABRINA BIBICOFF** ("Bibicoff")(collectively "Plaintiffs"), on behalf of themselves and a class of those similarly situated and by and through the undersigned counsel, hereby sue **POWER HOME SOLAR LLC D/B/A PINK ENERGY** and **POWER HOME SOLAR LLC D/B/A PINK ENERGY** (collectively "Defendants") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action brought pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §2101 et. seq. ("WARN Act"). Defendants are liable under the WARN Act for the failure to provide Plaintiffs and

all other similarly situated former employees at least 60 days' advance notice of their terminations, as required by the WARN Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1331 and 29 U.S.C §2104 (a)(5).

3. Venue in this Court is proper pursuant to 29 U.S.C. §2104(a)(5).

## THE PARTIES

4. Plaintiff Fuchs is a citizen and resident of the State of Florida and was employed by Defendants until termination without cause on or about September 21, 2022. Plaintiff Fuchs submits to the jurisdiction of this Court.

5. Plaintiff Bibicoff is a citizen and resident of the State of North Carolina and was employed by Defendants until termination without cause on or about September 21, 2022. Plaintiff Fuchs submits to the jurisdiction of this Court.

6. Upon information and belief, at all relevant times, Defendant Power Home Solar LLC is a Foreign Limited Liability Corporation registered to do business within Florida and North Carolina. Defendant Power Home Solar LLC does business as Pink Energy.

7. Defendant Power Home Solar LLC is managed by Defendant Renewable Clean Energies, LLC. Renewable Clean Energies, LLC. is a Foreign Limited Liability Corporation which is conducting business within Florida and North Carolina.

8. Defendants have, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and are subject to the laws of the United States and the State of Florida.

9. Defendants claim to be America's leading solar company providing solar panels and related products and services to consumers.

10. Plaintiff Fuchs was employed at Defendants' business located in Oldsmar, Florida.

11. Plaintiff Bibicoff was employed at Defendants' business located in Charlotte and Moorseville, North Carolina.

12. Defendants provided services at various locations, including but not limited to Oldsmar, Florida, and Charlotte and Moorseville, North Carolina and other locations (herein after "Facilities.")

## STATEMENT OF FACTS

13. The WARN Act defines a "plant closing" as follows:

> The permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site or employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees.

29 U.S.C. §2101(a)(2).

14. WARN Act defines a "mass layoff" as a reduction in force which is not the result of a plant closing and results in an employment loss at a single site of employment during any 30-day period for at least 33% of the active employees

3

(excluding part-time employees) and at least 50 employees (excluding part-time employees); or at least 500 employees (excluding part-time employees). 29 U.S.C. §2101(a)(3); 20 C.F.R. §639.3(c).

15. The distinction between a plant closing and a mass layoff, according to the regulations, is that a plant closing involves "employment loss which results from the shutdown of one or more distinct units within a single site or the entire site" while a mass layoff "involves employment loss, regardless of whether one or more units are shut down at the site." 20 C.F.R. §639.3(c)(1).

16. An employer also must give notice under the WARN Act if the number of employment losses which occur during a 30-day period fails to meet the threshold requirements of a plant closing or mass layoff, but the number of employment losses for 2 or more groups of workers, each of which is less than the minimum number needed to trigger notice, reaches the threshold level, during any 90-day period, of either a plant closing or mass layoff. Job losses within any 90-day period will count together toward WARN threshold levels, unless the employer demonstrates that the employment losses during the 90-day period are the result of separate and distinct actions and causes.

17. Plaintiffs and all other similarly situated employees were employees, employed by Defendants, who was their employer, for all relevant and required periods of time at Facilities.

18. Plaintiffs and all other similarly situated employees were terminated as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which

they were entitled to receive 60 days' advance written notice under the WARN Act.

19. On or about September 21, 2022, Plaintiffs, who worked for Defendants, received an email from Defendants informing them that their employment with Defendants terminated on September 21, 2022.

20. Upon information or belief, other employees received a similar email as well.

21. Upon information or belief, at the beginning of 2022, Defendants had approximately 2,100 employees.

22. Upon information or belief, since January 2021, Defendants have laid off approximately 1000 employees, many of them in the 90 days prior to September 21, 2022.

23. Prior to these layoffs, there were over 50 employees employed at the Oldsmar, Florida location.

24. Prior to these layoffs, there were over 50 employees employed at the Charlotte and Moorseville, North Carolina locations.

25. On or about September 21, 2022 and during the period 90 days prior, Plaintiffs and more than a thousand similarly situated employees were terminated as part of plant shutdowns or mass layoffs in Oldsmar, Florida, Charlotte and Moorseville, North Carolina and other Facilities.

26. Defendants were required by the WARN Act to give Plaintiffs and the other similarly situated former employees or their representatives at least 60 days' advance written notice of their respective terminations.

27. Defendants were required by the WARN Act to give the state dislocated worker units and the chief elected official of the units of local government in which the affected facility was located at least 60 days' advance written notice of the terminations.

28. Despite the requirements of the WARN Act, Defendants did not provide at least 60 calendar days prior to the plant closing or mass layoff the required notice to the Plaintiffs and the other similarly situated employees or their representatives who reported to the Facilities.

29. Despite the requirements of the WARN Act, Defendants did not provide at least 60 calendar days prior to the closing or mass layoff the required notice to the state dislocated worker units and to the chief elected officials of the unit of local government in which the affected facilities were located.

30. Pursuant to the WARN Act, Plaintiffs maintain this action on behalf of themselves and on behalf of each of the other similarly situated former employees.

31. Each of the other similarly situated former employees is similarly situated to Plaintiffs in respect to his or her rights under the WARN Act.

32. Defendants were required by the WARN Act to give Plaintiffs and the other similarly situated former employees or their representatives at least 60 days' advance written notice of their respective terminations.

33. Prior to their terminations, neither Plaintiffs nor the other similarly situated former employees nor their representatives received written notice that complied with the requirements of the WARN Act.

34. Defendants failed to pay Plaintiffs and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay, vacation, and other benefits which would have accrued for sixty (60) days following their respective terminations without notice and failed to provide them with health insurance coverage and other employee benefits.

## CLASS ACTION ALLEGATIONS

35. Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure and the WARN Act, on behalf of themselves, and a class of employees who worked at or reported to the Defendants' Facilities and were laid off without cause by Defendants as part, or as the reasonably foreseeable result, of plant shutdowns or mass layoffs ordered by Defendants at the Facilities (the "Class") on or about September 21, 2022 or during the period 90 days prior.

36. The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are several thousand potential class members.

37. There are questions of law and fact common to the Class Members, namely:

    (a) Whether the Class Members were employees of Defendants' who worked at or reported to Defendants' facilities;

    (b) Whether Defendants ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days' advance written notice as required by the WARN Act; and

    (c) Whether Defendants were subject to any of the defenses provided for in the WARN Act.

38. The claims of Plaintiffs are typical of the claims of the Class, as they were terminated as part of the plant shutdown or mass layoff and did not receive the requisite notice.

39. Plaintiffs will fairly and adequately protect the interests of the Class.

40. Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

41. There is no conflict of interest between Plaintiffs and other members of the Class.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where the individual Plaintiffs and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a

corporate defendant and separate actions would create a risk of inconsistent or varying adjudications with respect to individual Class Members and the adjudications with respect to individual Class Members would be dispositive of the interests of other members.

43. Defendants have acted on grounds that apply generally to the Class.

44. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of Defendants' who worked at or reported to Defendants' Facilities;

(b) Whether Defendants ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days' advance written notice as required by the WARN Act; and

(c) Whether Defendants were subject to any of the defenses provided for in the WARN Act.

## CAUSE OF ACTION
## WARN ACT VIOLATIONS

45. At all relevant times, the Defendants employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of

overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the Facilities.

46. At all relevant times, the Defendants were an "employer" of the Class Members as that term is defined by the WARN Act.

47. On or about September 21, 2022 and during the 90 days prior, Defendants ordered "plant shutdowns" or "mass layoffs" as those terms are defined by the WARN Act.

48. Defendants' actions at the Facilities resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

49. Defendants' termination of the Class Members' employment constituted plant shutdowns or mass layoffs as defined by the WARN Act.

50. Plaintiffs and each of the Class Members who were employed by Defendants and then terminated by Defendants as a result of Defendants' executing plant shutdowns or mass layoffs at the Facilities were "affected employees" as defined by the WARN Act.

51. Plaintiffs and each of the Class Members are "aggrieved employees" of Defendants as that term is defined by the WARN Act.

52. Pursuant to the WARN Act, Defendants were required to provide at least 60 days' prior written notice of the termination, or notice as soon as practicable, to the affected employees, or their representative, explaining why the sixty (60) days' prior notice was not given.

53. Defendants failed to give at least sixty (60) days' prior notice of the termination in violation of the WARN Act.

54. Defendants failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days following their respective terminations, and failed to provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

55. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted, Plaintiffs and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their terminations.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiffs and Class Members demand judgment against Defendants as follows:

    a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, and ERISA

benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C§2104(a)(1)(A);

      b.     Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiffs and the other similarly situated former employees constitute a single class;

      c.     Designation of Plaintiffs as Class Representatives;

      d.     Appointment of the undersigned attorneys as Class Counsel;

      e.     Interest as allowed by law on the amounts owed under the preceding paragraphs;

      f.     The reasonable attorneys' fees and the costs and disbursements Plaintiffs incurs in prosecuting this action, as authorized by the WARN Act; and

      g.     Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs further demands a jury trial on all issues so triable as of right.

Respectfully submitted,

/s/ Ryan D. Barack
**Ryan D. Barack, B.C.S. (L&E)**
Florida Bar No. 0148430
Primary: rbarack@employeerights.com
Secondary: jackie@employeerights.com
**Michelle Erin Nadeau, B.C.S. (L&E)**
Florida Bar No. 0060396
Primary: mnadeau@employeerights.com
Secondary: jackie@employeerights.com
**Kwall Barack Nadeau PLLC**
304 S. Belcher Road, Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs